No. 178

HOLEK v. TAYLOR

Ohio Appeals, 7th Dist., Mahoning Co.

Oct. 10, 1924.

480. EVIDENCE—Evidence of former arrest being competent as test of credibility is admissible and not being restricted to conceded competence is not available as prejudicial error to reverse judgment.

355.—DAMAGES—Verdict of $7,000 for death of plumber earning $200 a month was affirmed.

661. INTOXICATING LIQUORS--Presence of property owner in place where intoxicating liquors are unlawfully sold at time of notice of warning not to sell held sustained by evidence.

FARR, J.

Epitomized Opinion

Published only in Ohio Law Abstract

Action for death of husband under 6202 to 6205 G. C. caused by sale of intoxicating liquors to him by tenants of Holek and resulting in suicide by William Taylor. Holek with his wife lived in the second story and rented the first story to proprietors of a sort of grocery store. Mrs. Taylor gave verbal notice three times to such proprietors not to sell intoxicating liquors to her husband and it appears that on one occasion Holek was present and knew that the warning was given. There was evidence that Taylor was frequently in the place, obtained liquor there and left intoxicated. Other suggestive circumstances showing knowledge by Holek of the nature of the place were shown, among which was a raid on the tenants. The docket of a justice of the peace together with a copy of the affidavit and search warrant was admitted to contradict a denial of arrest by Holek. A judgment of $7,000 was affirmed by the Court of Appeals which held:

1. Evidence of former arrest was competent as a test of credibility and admissible.

2. Verdict of $7,000 for death of a plumber by his own hand caused by selling him intoxicating liquors was affirmed.

3. Proof sufficient of notice of warning not to sell intoxicating liquors to deceased husband to justify verdict by jury not set aside as against the weight of evidence.

Attorneys—Kenealy, Metcalfe and Cannon, for Holek; J K Harrison, Esq., for Taylor; all of Youngstown.